TOMÁS. E. GUAL, Plaintiff and Appellant, *v.* HEIRS OF SO-BRINOS DE ANTONIO RIBOT, ETC., ET AL., Defendants and Appellees.

No. R-62-198. Decided April 25, 1963.

*Norman A. Pardo* for appellant. *Rodríguez Ema & Rodríguez Ramón, Rodolfo Sequeira,* and *Nicolás Jiménez* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On August 3, 1959, the Economic Stabilization Administration issued a notice of reimbursement addressed to the landlord, Sobrinos de Antonio Ribot, to reimburse to the tenant, Borinquen Furniture Co., Inc., the amount of $6,355 for rental charged in excess of the maximum rent fixed. After a rehearing, said notice was affirmed and it became final.

The landlord did not pay and on May 2, 1960 the tenant, Borinquen Furniture Co., Inc.,[1] filed a complaint against the heirs of Antonio Ribot in the Superior Court, San Juan Part. Said complaint was dismissed by a resolution (judgment) declaring that the cause of the action filed had prescribed pursuant to § 8(h) of the Reasonable Rents Act. In a petition for review we reversed said judgment and remanded the case for further proceedings. *Borinquen Furniture Co., Inc.* v. *Heirs of Antonio Ribot, etc.,* No. 511, decided February 19, 1962.

---

[1] Said tenant assigned its right of action to Tomás E. Gual, who substituted it in the action filed.

■ The case having been set for hearing and the questions of law having been raised in the answer to the amended complaint, the Superior Court rendered judgment again dismissing said amended complaint because (1) the action filed outside the year since the issuance of the reimbursement order had prescribed; and (2) plaintiff was estopped from filing any claim because it was based on a contractual relation with an illegal consideration in which plaintiff participated as coauthor.

The first ground of the judgment is untenable. The question of prescription of the action had already been decided by this Court against the defendants in the petition for review already referred to, relying on the case of *Eisele* v. *Orcasitas*, 84 P.R.R. 347 (1962), where we said: "Having considered the public policy underlying the Reasonable Rents Act, so as to give it due effectiveness, and in pursuit of its purposes, it is proper to acknowledge the power of the courts to render judgment ordering the payment of the amount of a reimbursement of overcharges, which reimbursement is recognized by law to the tenant. It can be considered as an ordinary action of debt or restitution of what was unduly paid, or to avoid unjust and illegal enrichment. The purposes of the Act are best served if the landlord does not retain the fruits derived from a violation thereof." Then we added: "The request for restitution should proceed from an order by the Administrator to that effect, or from a rent already fixed by the Administrator, or by the Act itself."

This is not a case, therefore, of an action for damages which stems from § 1802 of the Civil Code,[2] as was erroneously decided by the trial court and which prescribes within one year according to § 1868 of the same Code.[3]

The second ground on review cannot be upheld either. The trial court decided that the lessee, Borinquen Furniture,

---

[2] 31 L.P.R.A., Cum. Supp. 1962, § 5141.
[3] 31 L.P.R.A. § 5298.

158

Inc., having taken part with the lessors in a contract in which they agreed upon a cause contrary to law (fixing a rent in excess of the maximum legal rent) it was barred from claiming any restitution of the rent overcharged, according to the maxim in equity of *"memo auditud suam turpitudinen allegans"* expressed in §§ 1257 and 1258 of our Civil Code (31 L.P.R.A. §§ 3516 and 3517).

Evidently the trial court forgot the reasons that moved our Legislature to pass a special statute on housing and which is known as the "Reasonable Rents Act." Due to the fact that the housing problem was one of the most serious problems confronted by the People of Puerto Rico, said Act declares in its statement of motives that the dwellings, lots on which houses belonging to other people are located, and buildings which are used for businesses and commercial and industrial purposes, are invested with public interest and "that the rents and all the terms and conditions for the use or occupancy of such properties shall be fair and reasonable, and every contract, lease, term or condition for the use or occupancy of such properties, as are abusive, unfair, unreasonable, or oppressive, are hereby declared to be contrary to public policy." "To insure adequate protection for the people of Puerto Rico"—the statement of motives expresses in another place—"with respect to this serious housing problem, there is lacking, however, proper legislation in regard to rents, to prevent speculation on the part of landlords, to guarantee reasonable rents, and conveniently to protect the right of tenants."

To attain these objectives the law fixed reasonable rents. It established a "basic rent" which was the one paid on October 1, 1942 and also authorized the Administrator to fix reasonable rent pursuant to the standards established in the law. In § 6 it provides: "Notwithstanding what is otherwise provided by any contract, pact, or agreement already made, or to be made in the future, no landlord shall

charge or receive for the use, occupancy, or lease of a rental property, a rent higher than the basic rent or the reasonable rent fixed by the Administrator, as the case may be; *Provided, however*, That rents lower than the basic rent or the reasonable rent may be charged, paid, or received."

Considering the urgent necessity of some persons to occupy the scarce properties for rent, the legislator foresaw lease contracts agreeing to pay a higher rent than the basic or the reasonable rent fixed by the Administrator, and provided for such cases that the owner shall be forbidden to charge or receive a rent higher than the basic or reasonable rent. The Act did not provide that such contract would be void. It was not for lack of consideration, for ultimately, in every lease contract the consideration would be the rent fixed by law (basic rent) or the rent fixed by the Administrator (reasonable rent), except when the owner and the tenant agreed on a rent lower than the aforesaid.

The doctrine of the illegal consideration is not applicable to lease contracts under the Reasonable Rents Act; but even if it were applicable, said doctrine would not bar the tenant from claiming in court the reimbursement of the sums paid in excess of the basic rent or the reasonable rent fixed by the Administrator. Section 1257 of the Civil Code invoked in the judgment of the trial court provides:

"When the nullity arises from the illegality of the consideration or the object of the contract, if the fact constitutes a crime or misdemeanor common to both contracting parties, they shall have no action against each other and proceedings shall be instituted against them, and, furthermore, the things or sum which may have been the object of the contract shall be applied as prescribed in the Penal Code with regard to the goods or instruments of the crime or misdemeanor.

"This provision is applicable to the case in which there is a crime or misdemeanor on the part of only one of the contracting parties; *but the one who is not guilty may recover*

*what he may have given,* and shall not be bound to fulfill what he may have promised." (Italics ours.)

We have already seen that § 6 of the Reasonable Rents Act forbids the owners, notwithstanding what is otherwise provided by any contract, to charge or receive for the use, occupancy, or lease of a rental property a rent higher than the basic rent or the reasonable rent fixed by the Administrator. The law went further and punishes as a crime the violation of said prohibition. To that effect, § 19 provides, insofar as pertinent: "Any landlord who charges a rent higher than the basic rent or the reasonable rent fixed by the Administrator, as the case may be . . . shall be guilty of a misdemeanor and shall, upon conviction, be punished by a fine of not less than twenty-five (25) dollars or by imprisonment in jail for a term of not less than ten (10) days, or by both penalties in the discretion of the court."

■ The tenant who has agreed to pay or has paid a rent higher than the basic or the reasonable rent fixed by the Administrator, is not guilty of an offense and hence he would be the not guilty party referred to in § 1257 of the Civil Code, and consequently, entitled to recover what he may have given, which according to the Reasonable Rents Act and the ruling in *Eisele* v. *Orcasitas, supra,* would be the excess of the maximum legal rent.

Since the judgment of the Superior Court is erroneous, it will be reversed and the case remanded for further proceedings.